1  RUBEN T. MUNOZ
   ATTORNEY AT LAW
2  STATE BAR NO. 195421
   255 N. MARKET ST., STE 265
3  SAN JOSE, CA 95110
   TEL: (408) 205-3383     FAX:  (408) 298-4551
4
   Attorney for Defendant
5

6

7                    IN UNITED STATES DISTRICT COURT

8                   FOR THE DISTRICT OF CALIFORNIA

9                           SAN FRANCISCO

10

11

12  UNITED STATES OF EMERICA,            )  No. 3:18CR00437-001 SI
                                         )
13              Plaintiff,               )  DEFENDANT'S SENTINCING
                                         )  MEMORANDUM
14         vs.                           )
                                         )
15  BRIAN GUTIERREZ VILLASENOR,          )
                                         )
16              Defendant.               )
                                         )
17  ───────────────────────────────────

18      On November 13, 2018, Brian Gutierrez Villasenor pled guilty to Counts 1 and 2 of the

19  Information: **count 1**: possession with intent to distribute 50 grams or more of methamphetamine,

20  a violation of 21 U.S.C. §846(a)(1) and (b)(1)(A)(viii); **count 2**: transporting funds to promote

21  unlawful activity, aiding and abetting, a violation of 18 U.S.C §1956(a)(2)(A).   Mr. Gutierrez

22  Villasenor pled guilty pursuant Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal

23  Procedure. The parties agreed to an offense level of 33.

24

25      Under18 USC 3553(a), the Court "shall impose a sentence that is sufficient, but not greater

26  than necessary, to comply with the purposes [of the]… need for the sentence imposed:

27      (A)    to reflect the seriousness of the offense, to promote respect for the law, and to

28              provide just punishment for the offense.

1        (B)     to afford adequate deterrence to criminal conduct.

2        (C)     to protect the public from further crimes of the defendant; and

3        (D)     to provide the defendant with the needed educational or vocational training,

4                 medical care, or other correctional treatment in the most effective manner.

5    18 U.S.C. §3553(a)(2)(A)-(D). In determining the minimally sufficient sentence, courts consider

6    these purposes, as well as "the nature and circumstances of the offense and the history and

7    characteristics of the defendant,"(§3553(a)(1), "the kinds of sentences available" (§3553(a)(3)),

8    "the need to avoid unwanted sentence disparities" (§3553(a)(6)), and "the need to provide

9    restitution"(§ 3553(a)(7).

10    The court must also consider the applicable guideline ranges, but those guidelines are

11    advisory under *United States v. Booker*, 543 U.S. 220 (2005). 18 U.S.C. §3553(a)(4). And the

12    sentencing guidelines are not merely advisory, but also are to be given no more weight than any

13    other factor under Section 3553. *Kimbrough v. United States*, 552 U.S. 85 (2007). In short, the

14    sentencing court retains significant discretion to "tailor the sentence in light of other statutory

15    concerns as well." *Id*.

16    Brian Gutierrez Villasenor is 27 years old, has no siblings, and is a life long resident of San

17    Francisco, where he was born.

18    Defendant was raised primarily by his mother, Martha Villasenor.  He has not seen his

19    father since he was approximately 10 years old. His father resides in Tracy, CA, and is a

20    cook/chef.  Defendant also indicates that he was not close to his father, and had trouble bonding

21    with him, stating that the relationship was "weird" or "awkward."

22    His mother currently works as a janitor at a museum in San Francisco. Throughout her life,

23    she was employed as cleaner or janitor, and was able to provide for her son's basic needs.

24    Defendant grew up in the Mission District. He was arrested at his residence at 2271 ½

25    Mission Street, where he has resided since he was 18 years old. Other residents at that address

26    include his mother, his maternal grand mother, his uncle, and cousins. He is close to his

27    grandmother, and fondly recalls going to her house after school when he was a child.

28

1    Defendant grew up struggling with self-esteem issues, primarily due to his being

2  overweight, once weighing over 300 lbs.  He indicates he was an average student.  He dropped out

3  of school in the 9th grade.

4    He also was lonely as a teenager, and experienced extended periods of depression. He

5  began drinking alcohol, and smoking marijuana at 16 years of age. He seemed to have no other

6  interests other than drinking, and smoking.  In his early twenties, he began using cocaine and

7  methamphetamine.  He was using these drugs heavily prior to the time leading up to his arrest.

8  He has experienced times of depression, due to his lack of self-esteem, being overweight, and

9  often feeling lonely. He has no formal or vocational training of any kind.

10    Mr. Brian Gutierrez Villasenor indicates that he wants to obtain his GED, participate in

11  drug and alcohol treatment, and is also interested in learning a trade while in custody. PSR at ¶¶

12  48-50, 51, 54-55.

13    Prior to the instant case, he had not been in jail before.  He has zero criminal history points.

14    Probation indicates that defendant's net worth is $55,000 ($50,000 being a 2016 BMW 4

15  Series, and $5,000 cash). However, the reality is that there is a note for the BMW of

16  approximately $60,000. See attached documents.

17    The Probation Department concludes that the guideline range is 168 to 210 months

18  pursuant to a total offense level 35. They recommend, a variance, and a sentence of 132 months

19  and a $40,000 fine.  The United States Attorney recommends a sentence of 135 months (pursuant

20  to the plea agreement between the parities of a total offense level 33) and a fine of $40,000.

21    Defendant is 27 years old, and is a United States citizen, who readily acknowledges that is

22  involvement in this case was a regrettable decision on his part. He has an insignificant criminal

23  record. His attitude towards this case indicates that he remains strong regarding his future life,

24  despite the long sentence that he will surely receive.  He is still a young man looking forward to a

25  productive, and meaningful life once he serves this sentence.

26  Therefore, Mr. Gutierrez Villasenor requests:

27    1.  A downward variance to a sentence of 120 months;

28

2.  A recommendation that he be admitted to the BOP Residential Drug and Alcohol Program (RDAP)

3.  A recommendation to the Bureau of Prisons that he be designated to serve his sentence at a BOP facility as close as possible to the San Francisco Bay Area.

4.  That the court not impose the $40,000 fine, as he has little or no NET assets.

Dated: April 08, 2019                                    Respectfully submitted,


                                              __/s/Ruben Munoz_____
                                              Ruben Munoz,
                                              Attorney for Brian Gutierrez Villasenor