UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>BRIAN GUTIERREZ VILLASENOR,<br>Defendant. | Case No. 18-cr-00437-SI-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**<br><br>Re: Dkt. No. 46 |

Defendant Brian Gutierrez Villasenor has filed a motion for compassionate release. For the reasons set forth below, the Court DENIES the motion without prejudice to renewal in the event defendant's situation significantly deteriorates.

**BACKGROUND**

Defendant Brian Gutierrez Villasenor is 29 years old and currently serving a 120-month sentence for his convictions on one count of possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vii), and one count of transporting funds to promote unlawful activity, in violation of 21 U.S.C. § 1956(a)(2)(A). Defendant was distributing cocaine and methamphetamine for a dark web site for at least four years, and when he was arrested officers found six firearms belonging to defendant. At the time of his arrest, defendant was living with his mother and grandmother.

Defendant is incarcerated at USP Lompoc, has served just over 30 months of his sentence, and has an anticipated release date of November 23, 2026 (assuming he receives a good-time credit reduction).

On November 17, 2020, defendant filed a motion for compassionate release. The

government opposes the motion, and defendant has filed a reply.

## DISCUSSION

Defendant filed his motion pursuant to 18 U.S.C. § 3582(c)(1)(A). As amended by the First Step Act, that statute provides:

> [T]he court, upon motion of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Id.*[1]

Defendant requests that the Court modify his sentence to time served and order that he be released to live with his mother and grandmother, with one year of home confinement and location monitoring, to be followed by six years of supervised release. Defendant asserts that he has shown "extraordinary and compelling" reasons for compassionate release because he has underlying

---

[1] The parties disagree about whether U.S. Sentencing Guidelines Manual § 1B1.13 is "applicable" to compassionate release motions brought by defendants. That policy statement, which has not been amended since the passage of the First Step Act, sets forth circumstances that constitute "extraordinary and compelling reasons," and also provides that the Bureau of Prisons ("BOP") may determine whether there are "other reasons" that are "extraordinary and compelling" that warrant compassionate release. *See id.* at Application Notes. Defendant asserts that the First Step Act empowered district courts to independently determine whether reasons are "extraordinary and compelling," while the government contends that district courts may only consider the specific reasons listed in the policy statement and only the BOP may determine if there are "other reasons" not specifically enumerated. District courts within the Ninth Circuit have split on this issue, and the Ninth Circuit has not yet addressed the question. Three circuit courts have ruled on the issue, and all three have held that the policy statement is not applicable to compassionate release motions brought by defendants. *See United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020); *United States v. Jones*, 2020 WL 6817488, __ F.3d __ (6th Cir. Nov. 20, 2020); *United States v. Gunn*, 2020 WL 6813995, __ F.3d __ (7th Cir. Nov. 20, 2020).
Because the Court is denying defendant's motion based upon the factors set forth in 18 U.S.C. § 3553(a) as well as concerns about defendant's release plan, the Court need not resolve this dispute about what constitutes "extraordinary and compelling reasons" at this time.

medical conditions that make him particularly vulnerable to COVID-19, including obesity, asthma, and irritable bowel syndrome, and because he wants to become the primary caregiver for his mother and grandmother, both of whom were recently hospitalized for COVID-19 and require full-time care as a result of their illnesses. Defendant also asserts that USP Lompoc, which has had significant COVID-19 outbreaks among prisoners and staff, is ill equipped to prevent another serious outbreak and to implement measures that are necessary to mitigate risk.

The government opposes defendant's motion on numerous grounds. The government concedes that defendant's obesity constitutes an "extraordinary and compelling reason," but argues that none of the other reasons asserted by defendant meet that standard. The government emphasizes that Villasenor has only served 25% of his sentence (29% if he receives good-time credits), and the government notes that the Court departed downward from the guidelines range of 168-210 months by imposing the 120-month sentence. The government argues that defendant is a danger to society, noting the significant quantities of drugs involved and the firearms found in defendant's residence, and asserts that defendant's release plan is inadequate to ensure his compliance with the law. Finally, the government argues that USP Lompoc has taken significant measures to protect the health of its inmates.

The Court has carefully reviewed the parties' papers and concludes that compassionate release is not warranted. The Court recognizes that defendant's obesity (alone, and in combination with his other medical conditions) places him at higher risk, and the Court is very concerned about the spread of COVID-19 in the federal prison system, and especially about the outbreaks at FCI and USP Lompoc. Further, the Court is sympathetic to defendant's family situation and applauds his desire to take care of his mother and grandmother. However, the Court finds that a 30-month custodial sentence would not satisfy "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the crime," nor would it "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A)-(C). In addition, the Court shares the government's concerns about defendant's proposed release plan. As the government notes, defendant was living with his mother and grandmother when he committed his crimes. The Court is concerned that defendant has not been able to participate in the RDAP

3

program in prison (due to COVID-19), and thus that his addiction issues, which played a part in his crimes, remain untreated. Further, because defendant does not have a high school diploma, his ability to find remunerative employment is limited.

Accordingly, the Court DENIES defendant's motion without prejudice to renewal in the event defendant's health or prison conditions significantly deteriorates.

**IT IS SO ORDERED**.

Dated: December 1, 2020

_____
SUSAN ILLSTON
United States District Judge